UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON HERMAN, LEAH HERMAN,

Plaintiff,

v.

AMAZON.COM INC,

Defendant.

CASE NO. 2:26-cv-01674-BAT

**ORDER GRANTING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL**

Plaintiffs Aaron and Leah Herman move the Court to appoint the law firms representing them—Stritmatter Law, Levin Sedran & Berman, and Robert Peirce & Associates, P.C.—as interim co-lead class counsel in this putative class action against Defendant Amazon.com Inc. Dkt. 21. Defendant does not oppose the motion. Having considered the motion and the record, the Court **GRANTS** the motion.

Federal Rule of Civil Procedure 23(g) provides for the appointment of class counsel upon class certification. Before class certification, the Court "may designate interim counsel to act on behalf of a putative class." Fed. R. Civ. P. 23(g)(3). As with class counsel, in designating interim counsel, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the

applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

Having considered Plaintiffs' representations, the Court finds these four factors satisfied as to each law firm. All three firms have extensive knowledge and experience in class action and complex litigation, and individual counsel each have a demonstrated record of success in resolving consumer class actions and other complex cases. *See* Dkt. 21 at 6–12. Additionally, the Court has no reason to doubt counsel's unopposed assertions that they have devoted substantial time thus far to investigating the facts of this case and researching the relevant law, and that they have sufficient resources to represent the class.

The Court also finds early appointment of interim class counsel is warranted. Appointing interim counsel can be useful to clarify responsibilities early in the case where there are duplicative suits pending in other courts such that a number of lawyers may be competing for class counsel appointment. But it is not necessary that there be other actions pending. The Court finds that appointing interim counsel now will promote efficient case management and clarify responsibility for protecting the putative class's interests prior to class certification. *See Alfred v. Fed. Express Corp.*, No. 2:25-CV-1769-JNW, 2026 WL 145526, at *1 (W.D. Wash. Jan. 20, 2026).

Accordingly, the Court **GRANTS** Plaintiffs' unopposed motion to appoint interim co-lead counsel. Andrew Ackley and Brad Moore of Stritmatter Law, Daniel C. Levin of Levin Sedran & Berman, and Aaron Rihn of Robert Peirce & Associates, P.C. are appointed interim co-lead counsel for the putative class.

DATED this 13th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge