THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON HERMAN and LEAH HERMAN, a married couple, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 2:26-cv-01674-BAT<br><br>**AMAZON.COM, INC.'S NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE**<br><br>NOTE ON MOTION CALENDAR: OCTOBER 2, 2026 |

Amazon.com, Inc. ("Amazon") respectfully requests that the Court consider the following documents in addressing Amazon's concurrently filed Motion to Dismiss Plaintiffs Aaron Herman and Leah Herman's Complaint, ECF No. 23 (Aug. 14, 2026):

- Exhibit 1 to the Declaration of Veenu Taneja in Support of Amazon's Motion to Dismiss, which is a true and correct copy of the Amazon Conditions of Use (COU) in effect in February 2024.
- Exhibit 2 to the Declaration of Veenu Taneja in Support of Amazon's Motion to Dismiss, which is a true and correct copy of the Amazon Subscribe & Save Terms & Conditions ("Subscribe & Save Terms") dated January 23, 2024.
- Exhibit 3 to the Declaration of Veenu Taneja in Support of Amazon's Motion to Dismiss, which is a true and correct copy of a screenshot of the Subscribe & Save sign-up process.

- Exhibit 4 to the Declaration of Veenu Taneja in Support of Amazon's Motion to Dismiss, which is a true and correct copy of the Amazon Subscribe & Save FAQs.

*See* Declaration of Veenu Taneja in Support of Amazon's Motion to Dismiss ¶¶ 8, 10, 15, 17.

These documents are incorporated in the Complaint and central to Plaintiffs' claim under the Washington Consumer Protection Act (CPA). The Complaint refers multiple times to the Conditions of Use and the Subscribe & Save Terms & Conditions, describes the process for signing up for Subscribe & Save, and cites product detail pages that link to the Amazon Subscribe & Save FAQs. *See* Complaint ("Compl."), ECF No. 1 (May 15, 2026) ¶¶ 3.69, 3.70–3.74. Their claim also rests on allegations that Amazon misrepresented or omitted information about pricing for Amazon's Subscribe & Save program, which is addressed by these publicly available documents. *See id.* ¶¶ 3.67–3.68, 3.70–3.78, 4.3, 4.5–4.6, 4.19, 6.5–6.14.

## NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).

The "incorporation by reference" doctrine allows a court to "look beyond the pleadings" to "documents whose contents are alleged in a complaint and whose authenticity no party questions" and "without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Under the doctrine of incorporation by reference, the Court may consider documents outside the Complaint when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). But a document need not be explicitly referenced by the Complaint for the Court to consider it in ruling on a motion to dismiss. *Id.* Incorporation by reference "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents on which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

2007) (citation modified). In addition, Federal Rule of Evidence 201 allows judicial notice of "adjudicative fact[s]" in documents that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b).

Both grounds exist for the Court to consider Amazon's exhibits.

**A. Incorporation by Reference**

In ruling on Amazon's Motion to Dismiss, the Court should consider four documents that are incorporated by reference in the Complaint (Exhibits 1 through 4). *First*, the COU and Subscribe & Save Terms are incorporated by reference because the Complaint refers to them multiple times and they form the basis of Plaintiffs' CPA claim. *See, e.g.*, Compl. ¶¶ 3.71, 3.74. The Complaint refers to or quotes from the COU and Subscribe & Save Terms repeatedly, including by acknowledging that "Amazon can 'change the price for a Subscribe & Save subscription at any time for any reason.'" *See id.* ¶¶ 3.74 (quoting from the Subscribe & Save Terms), 3.71 (referring to and citing the Subscribe & Save Terms). Moreover, Plaintiffs' CPA claim rests on the (incorrect) theory that Amazon misrepresented or omitted information about Subscribe & Save pricing, allegedly inducing Plaintiffs to subscribe to recurring orders. *See, e.g.*, *id.* ¶¶ 3.67–3.68, 3.70–3.74, 3.77–3.78, 4.3, 4.5–4.6, 4.19, 6.5–6.14. Because the Subscribe & Save Terms contain the material terms governing Plaintiffs' subscription and pricing for the Subscribe & Save program, they are central to Plaintiffs' claim about pricing representations for the program. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Chaves v. Amazon.com Servs. LLC*, 2022 WL 1908827, at *3 (W.D. Wash. May 23, 2022) (considering webpages on 12(b)(6) motion), *report and recommendation adopted*, 2023 WL 3301994 (W.D. Wash. May 8, 2023). Courts in this District have repeatedly found Amazon's contract terms and disclosures incorporated by reference under similar circumstances. *See, e.g.*, *Sargsyan v. Amazon.com, Inc.*, 2026 WL 607715, at *2 (W.D. Wash. Mar. 4, 2026) (considering Amazon's

terms as incorporated by reference where plaintiff's claims were based on the terms); *McCarthy v. Amazon.com, Inc.*, 2023 WL 5793316, at *2 n.3 (W.D. Wash. Sept. 7, 2023) (considering disclosures about Amazon Prime membership benefits where the "complaint either references or necessarily relies upon these documents").

*Second*, the Complaint purports to describe the sign-up process for the Subscribe & Save program and provides an image of part of this process. *See* Compl. ¶ 3.69. The Court should therefore consider the omitted portion of the sign-up screen, the disclosures provided to customers during the sign-up process, and the notice that the Subscribe & Save Terms apply. *See In re Cloudera, Inc.*, 121 F.4th 1180, 1188 (9th Cir. 2024) (considering as incorporated by reference a document linked in the complaint); *Gray v. Twitter Inc.*, 2021 WL 11086642, at *3 (W.D. Wash. Mar. 17, 2021) (considering the webpage of a document hyperlinked in a disclosure that was cited in the complaint).

*Third,* the Complaint contains multiple images of product detail pages with information for Subscribe & Save offers. *See* Compl. ¶¶ 3.62, 3.65. Those pages include hyperlinks to additional information about the Subscribe & Save program, including on a "Frequently Asked Questions" webpage that is accessible through the "No fees. Skip or cancel anytime" hyperlink on product detail pages for Subscribe & Save-eligible items. *See id.* ¶¶ 3.62, 3.65. Plaintiffs' claim also rests on Amazon's purported representations about Subscribe & Save pricing, which includes the Subscribe & Save FAQs. *See, e.g., id.* ¶¶ 3.70, 3.75, 4.3, 4.5–4.6, 6.12. These FAQS are therefore incorporated in the Complaint by Plaintiffs' reference to the Subscribe & Save information and hyperlinks on product detail pages. *Id.* ¶¶ 3.62, 3.65, 3.69; *see also Guercia v. Affinity Ins. Servs. Inc.*, 2025 WL 106402, at *5 (E.D. Wash. Jan. 15, 2025) (incorporating by reference webpages that are "accessible via links" in "screenshots" included in complaint).

The Ninth Circuit's decision in *Gershfeld v. TeamViewer US, Inc.* is instructive. 2023 WL 334015 (9th Cir. Jan. 20, 2023). There, the Ninth Circuit held that the district court did not abuse its discretion by concluding the "relevant terms and disclosures" of the plaintiff's purchase were incorporated in a complaint asserting consumer protection claims. *Id.* at *1. Those documents

"form[ed] the basis of the transaction [that the plaintiff] challenge[d]" and the claims "necessarily rel[ied] on the[ir] contents" because "the viability of [the] claims [was] dependent upon the extent and sufficiency of [the] disclosures." *Id.* Similarly, the COU, the Subscribe & Save Terms, the Subscribe & Save sign-up process, and the Subscribe & Save FAQs contain the material terms and disclosures for Plaintiffs' subscription, and the viability of Plaintiffs' CPA claim necessarily depends on these terms and disclosures.

**B. Judicial Notice**

Alternatively, the Court should take judicial notice of Exhibits 1 through 4 because the documents are publicly available on Amazon's website, are not "subject to reasonable dispute," and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *see also Paieri v. W. Conf. of Teamsters Pension Tr.*, 2024 WL 4554616, at *4 n.4 (W.D. Wash. Oct. 23, 2024) ("Courts in this circuit routinely find that certain websites and their contents may be judicially noticed.") (collecting cases).

The COU, the Subscribe & Save Terms, the Subscribe & Save sign-up process, and the Subscribe & Save FAQs are publicly available on Amazon's website, and their accuracy is not subject to reasonable dispute. For this reason, courts routinely take judicial notice of the COU and other Amazon contract terms and disclosures. *See, e.g.*, *Crowell v. Audible Inc.*, 806 F. Supp. 3d 1216, 1223 (W.D. Wash. 2025) (taking judicial notice of Amazon COU, sign-up and sign-in pages, and privacy policies); *Heinz v. Amazon.com Inc.*, 2024 WL 2091108, at *3 (W.D. Wash. May 8, 2024) (taking judicial notice of images capturing several versions of the Amazon COU "as they appeared" on certain dates as "matters of public record" (citation modified)); *Mayhall ex rel. D.M. v. Amazon Web Servs. Inc.*, 2022 WL 2718091, at *4 (W.D. Wash. May 24, 2022) (taking judicial notice of Amazon's "FAQ" webpage because it "appear[ed] on [a] publicly available website[]

and the facts included are not subject to reasonable dispute"), *report and recommendation adopted*, 2023 WL 2728292 (W.D. Wash. Mar. 31, 2023).

## CONCLUSION

For these reasons, Amazon respectfully requests that the Court conclude Exhibits 1 through 4 are incorporated by reference in Plaintiffs' Complaint or take judicial notice of these documents in ruling on Amazon's Motion to Dismiss.

Dated: August 14, 2026

I certify that this memorandum contains 1,696 words, in compliance with the Local Civil Rules.

*s/ Mallory A. Gitt*

Mallory A. Gitt, WSBA No. 50025
MGitt@mofo.com
Kyle D. Cole, WSBA No. 58111
KCole@mofo.com
Morrison & Foerster LLP
925 Fourth Avenue, Floor 38
Seattle, WA 98104-1157
Telephone: (206) 327-6500
Facsimile: (206) 260-8813

*Attorneys for Amazon.com, Inc.*